UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES MICHAEL RUST,     Plaintiff,

v.     Civil Action No. 3:21-cv-P332-DJH

LARUE CTY. DETENTION CENTER *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff James Michael Rust filed this *pro se* action pursuant to 42 U.S.C. § 1983. The second amended complaint (Docket No. 23)[1] is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff was a convicted inmate at the Larue County Detention Center (LCDC) when he filed this action. He sues LCDC Jailer Jamie Underwood and Captain Mindy Tucker in their individual and official capacities and sues LCDC Nurse Johnson, LCDC Sergeant Megan Hoback, and Larue County Commonwealth's Attorney Whitney Merideth in their official capacities only.

Plaintiff states that Defendant Underwood "failed to were a mask and enforce mask mandate after Pres. Trump declared state of emergency and Gov. Besher ordered mask up mandate in May 2020." He states that he tested positive for COVID-19 on October 3, 2020.

---

[1] By prior Memorandum and Order (DN 20), the Court ordered Plaintiff to file a second amended complaint and directed that the second amended complaint would supersede the original complaint, the amended complaint, and any other filings purporting to amend the complaint.

Plaintiff states, "Also denied me adequate medical care which is cruel and unusual punishment for my Hep-C sirrocis of liver and knowdules on my adrenline gland above right kidney."

Plaintiff states that Defendant Johnson denied him medical treatment for hepatitis-C on September 6, 2020, and denied him treatment for COVID-19 on October 3, 2020.

Plaintiff also alleges that Defendant Merideth prosecuted him "with conflict of interest and full knowledge of my conditions as well as problems with her best friend and college Jailer Jamie Underwood as she also denied me adequate medical care as well as violating my 8th denied me motion for discovery in cases . . . ." He states that Defendant Merideth gave him "two years and class D felony for drug unspecified wich was Rolaids in Larue Co KY April 30, 2021." He also alleges that she "violated my right to fast speedy/fair trial." He maintains that he had just returned from the Kentucky Correctional Psychiatric Center (KCPC) and was "on meds for mental health and anxiety wich L.C.D.C. has caused me" and that KCPC "confirmed my cronic Hep-C and mental issues."

Plaintiff asserts that Defendant Tucker "cussed" him for complaining that his chest hurt when he had COVID-19. He states that she also denied him medical attention "saying that I should already be dead, etc."

Plaintiff states that Defendant Hoback screamed at him and threatened to pepper spray him if he did not stop filing grievances on the kiosk around August and September 2020.

Plaintiff alleges that he was supposed to start treatment for chronic hepatitis-C, cirrhosis of the liver, and nodules on his adrenal gland on August 7, 2020, and was supposed to be seen on another date for neurological problems. He states, "I was arrested on or around July 28 2020 were all named L.C.D.C. officials denied me medical treatment so I failed to make appointment's."

Plaintiff also reports that he received a federal stimulus check for $1,400 but that the jail forged his name on the check and took $700. He states, "They later retaliated had me kicked off state side Dec 24 2020 then shipped here to [Warren County Regional Jail] in May 2021."

As relief, Plaintiff seeks compensatory and punitive damages and requests the Court to order that he be given medical and mental health treatment.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to

be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

#### *A.  COVID-19 precautions*

Plaintiff alleges that Defendant Underwood failed to wear a mask or to enforce a mask mandate and that Plaintiff contracted COVID-19.  Upon review, the Court will allow an Eighth Amendment claim for deliberate indifference to safety to proceed against Defendant Underwood in his individual and official capacities.

#### *B.  Deliberate indifference to serious medical needs*

Plaintiff asserts that Defendants Underwood and Johnson denied him treatment for hepatitis-C and that Johnson and Tucker denied him treatment for COVID-19.  Upon review, the Court will allow Eighth Amendment claims for deliberate indifference to serious medical needs to proceed against Defendants Underwood and Tucker in their individual capacities.

To the extent that Plaintiff alleges that "all named L.C.D.C. officials denied me medical treatment," the allegation is not sufficient because Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976); *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted).

Moreover, Plaintiff's official-capacity claims against these Defendants must be dismissed.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166

(1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n. 55 (1978)) Therefore, Plaintiff's official-capacity claims against Defendants Underwood, Johnson, and Tucker are actually brought against their employer, Louisville Metro Government. *Kentucky v. Graham*, 473 U.S. at 165. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that he was denied medical treatment for any of his alleged medical conditions based on a policy or custom of Larue County. He alleges isolated events affecting only him. Accordingly, Plaintiff's official-capacity claims against Underwood, Johnson, and Tucker will be dismissed for failure to state a claim upon which relief may be granted.

However, because Plaintiff sues Johnson in her official capacity only, the Court will allow him to file a third amended complaint to sue Defendant Johnson in her individual capacity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment). Should Plaintiff file a third amended complaint, <u>the Court will allow a claim for deliberate indifference to serious medical needs to proceed against Defendant Johnson in her individual capacity</u>.

### *C. Defendant Merideth*

Plaintiff sues Defendant Merideth, a Larue County Commonwealth's Attorney, in her official capacity only. Because Merideth is an officer or employee of the Commonwealth of Kentucky, the claims brought against her in her official capacity are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. A state official sued in her official capacity for monetary damages is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against a state official sued in her official capacity. *Kentucky v. Graham*, 473 U.S. at 169; *see also Padgett v. Daviess Cty.*, No. 4:16CV-P20-JHM, 2016 U.S. Dist. LEXIS 98441, at *5-6 (W.D. Ky. July 26, 2016) (dismissing official-capacity claim for damages against Commonwealth Attorney because defendant was not a "person" under § 1983 and the claim was barred by the Eleventh Amendment) (citing *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003)). Therefore, Plaintiff's official-capacity claims against Defendant Merideth for monetary damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant who is immune from such relief.

Moreover, even if Plaintiff had sued Defendant Merideth in her individual capacity, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution

6

and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (noting that prosecutorial immunity to knowingly using false testimony); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Therefore, an individual-capacity claim against Defendant Merideth would also be dismissed.

### D. Verbal abuse and threats

Plaintiff also alleges that Defendant Tucker "cussed" him and told him that "[he] should already be dead." He asserts that Defendant Hoback screamed at him and threatened to pepper spray him if he did not stop filing grievances. "Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th. Cir. 2012). Indeed, while not condoned, the use of harassing or degrading language by a prison official does not rise to constitutional dimensions. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."). Therefore, Plaintiff's claims based on verbal abuse and threatening language must be dismissed for failure to state a claim upon which relief may be granted.

### *E.  Stimulus check*

Plaintiff also alleges that $700 was taken from his stimulus check.  While it is unclear against which Defendant(s) he alleges this claim, a claim concerning the loss of personal property does not give rise to a constitutional violation.  The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a § 1983 claim under the Due Process Clause of the Fourteenth Amendment.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation.  *Parratt v. Taylor,* 451 U.S. at 543-44.  The law of this Circuit is in accord.  For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066.  The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).  Thus, Plaintiff's claim related to his stimulus check will be dismissed for failure to state a claim upon which relief may be granted.

### *F.  Retaliation*

Plaintiff also asserts, "They later retaliated had me kicked off state side Dec 24 2020 then shipped here to [Warren County Regional Jail] in May 2021."  Again, it is unclear against which Defendant(s) Plaintiff is alleging this claim.  However, in order to state a retaliation claim, a plaintiff must show that:  (1) he engaged in constitutionally protected conduct, (2) an adverse

action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam)).

With regard to the second element, generally, "transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights," *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006) (citing *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003)), and because "transfer is merely an ordinary incident of prison life." *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011). Moreover, a transfer between cells is generally insufficient to constitute an adverse action. *See LaFountain*, 716 F.3d at 948. While the Sixth Circuit has recognized exceptions in certain cases, *see Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005), none of those apply here based on Plaintiff's scant allegations related to this claim. Therefore, Plaintiff's retaliation claims will be dismissed for failure to state a claim upon which relief may be granted.

### G. Injunctive relief

Finally, Plaintiff seeks injunctive relief in the form of medical and mental health treatment. An inmate's transfer to another facility renders his request for injunctive relief moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Because Plaintiff has been transferred out of LCDC, none of the named LCDC personnel can provide him medical or mental health treatment, and his

9

request for such relief is therefore moot. Accordingly, his claims for injunctive relief must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against Defendants Johnson, Hoback, and Merideth are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims based on verbal abuse and threatening language, his stimulus check, and retaliation, and his claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk is DIRECTED to terminate** Defendants Hoback, Merideth, and Elizabeth Peace[2] as Defendants in the docket sheet as no claims remain against them.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file a third amended complaint suing Defendant Johnson in her individual capacity. The **Clerk of Court is DIRECTED** to send Plaintiff a copy of page 2 of the second amended complaint (DN 23) with "Third Amended Complaint" written at the top of the page. Should Plaintiff wish to sue Defendant Johnson in her individual capacity, he must indicate on page 2 that he is doing so and return the page to the Court within 30 days.

---

[2] Plaintiff named Peace as a Defendant in the original complaint but did not sue her in the superseding second amended complaint.

The Court will enter a Service and Scheduling Order after Plaintiff files a third amended complaint or after the 30-day period expires.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Larue County Attorney
4415.010